846 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kirk L. DUNHAM, John M. Stuart, Plaintiffs,
v.
MARINE TRANSPORT LINES, INC., in personam, Steamship M/V
Marine Chemist, her engines, boilers, etc., in
rem, Steamship M/V Marine Duval, her
engine, boilers, etc., in rem,
Defendants-Appellants,
Robert LOWEN, John Sokolowski, International Organization of
Masters, Mates and Pilots, Appellees.
 No. 87-1117.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 2, 1988.
Decided May 4, 1988.
 
 Terence Gregory Connor (Mark E. Zelek, Francis X. Coonelly, Morgan, Lewis & Bockius, Christopher R. West, James T. Heidelbach, Gebhardt & Smith on brief) for appellants.
 W. Michel Pierson (Robert L. Pierson, Burton M. Epstein on brief) for appellees.
 Before ERVIN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.*
 PER CURIAM:
 
 
 1
 Marine Transport Lines, Inc. appeals from the order entered by District Judge Joseph H. Young denying its motion to compel discovery alleged to have been authorized by District Judge Norman P. Ramsey. The order also imposed a monetary sanction on counsel for Marine Transport and on counsel for the parties resisting discovery. We vacate the order denying discovery and imposing sanctions and direct that Judge Ramsey rehear the motion to compel.
 
 I.
 
 2
 Former employees sued Marine Transport in district courts in Florida and in Texas for double daily wage penalties as authorized by 46 U.S.C. Sec. 10313. The claim of the employees that they were not paid within the statutory period relates to contractual increases in pay rates invoked retroactively to the date of voyages from a time after completion of the voyages. The question of when retroactive pay increases were required to be paid is a critical issue in the Texas and Florida cases.
 
 
 3
 The collective bargaining agreement governing the wages in question was a multi-employer one negotiated with the International Organization of Masters, Mates & Pilots for the period June 16, 1981, to June 15, 1984. It covered certain supervisory employees as to whom the employers had no statutory obligation to bargain and it granted those employees a 7 1/2% wage increase effective June 16, 1983, but deferred indefinitely, subject only to unilateral reinstatement retroactively by the Union at any time.
 
 
 4
 On or about June 5, 1984, the Union, acting through Robert J. Lowen, its president and chief negotiator of the collective bargaining agreement, notified Marine Transport and other employers that it was "reinstituting" the wage increase retroactively to the date of the voyages to which they were to be applied. The notice, however, did not fix a due date for payment.
 
 
 5
 At about the same time Lowen submitted a bargaining proposal to the multi-employer committees, offering to waive the increases "reinstituted" the prior day. Marine Transport withdrew its recognition of the Union as the representative of its deck officers and declined to enter into a new collective bargaining agreement. The Union then sued Marine Transport in the Southern District of New York asserting that Marine Transport had a continuing obligation to adhere to the agreement and to bargain with the Union.
 
 
 6
 Although Marine Transport determined to pay the retroactive increases, it did not make actual payment until the suits were filed in Florida and Texas. The basic increased wages have now been paid, but the unpaid penalty wages sought in those actions aggregate approximately $850,000. As affirmative defenses to the Florida and Texas actions, Marine Transport alleged both estoppel arising from different treatment of other employers and the fact that the named plaintiffs, who had assigned their wage claims to the Union and allegedly were unaware that suit had been filed, were not the real parties in interest.
 
 
 7
 Marine Transport gave notice that it would take the depositions in the District of Maryland of Lowen and John F. Sokolowski, administrator of the benefits funds of the Union, and it caused subpoenas duces tecum to be issued for them to produce numerous documents, including those reflecting the Union's dealings with and treatment of other employers. The deponents objected asserting that the subpoenas were overly broad, unduly burdensome and irrelevant to the litigation.
 
 
 8
 A hearing on Marine Transport's motion to enforce the subpoenas and deponents' objections thereto was held before Judge Ramsey of the District of Maryland. Judge Ramsey in a detailed oral opinion granted in part and denied in part Marine Transport's motion to enforce. In a colloguy with Judge Ramsey, Marine Transport asserted that it had recently learned that the Union through some of its benefit funds had acquired a financial interest in one or more of the employers constituting the multi-employer negotiating group. These employers in which the Union had acquired a financial interest were in competition with Marine Transport. Marine Transport asserted that it might have as a defense to the Texas and Florida actions either that the Union invoked the retroactive wage increase as a negotiating tool to force Marine Transport to join in a new collective bargaining agreement or that it did so to place Marine Transport at a competitive disadvantage with Union-owned competing employers. In his oral opinion Judge Ramsey indicated that the scope of discovery with respect to Union-owned employers might be broader than with respect to employers in which the Union had no financial interest.
 
 
 9
 Thereafter Marine Transport caused new subpoenas duces tecum to be issued. The new subpoenas sought production of the documents described in the original subpoenas which had been ruled producible by Judge Ramsey and, as a new demand, production of documents relating to the Union's consideration of the purchase of other employers. Deponents again resisted compliance with the subpoenas. Deponents' opposition to the motion was referred to Judge Young of the District of Maryland who, pursuant to a local rule, ruled on the papers without a hearing. Judge Young, in a letter ruling, decided that deponents should produce only the documents described in Judge Ramsey's written order.* In addition, Judge Young thought that "[a]pparently the defendants [Marine Transport and two ships which had been libelled] are attempting to enlarge upon the order and counsel for the deponents have attempted to modify that order." Judge Young stated that such conduct was unacceptable. He instructed counsel to prepare the case for trial without requiring court intervention in discovery and fined each lawyer $250. Although asked to reconsider these rulings, Judge Young declined.
 
 II.
 
 10
 We are, of course, aware of the large measure of discretion vested in a district court in permitting or limiting discovery and our limited role in reviewing discovery rulings. See Ardrey v. United Parcel Service, 798 F.2d 679 (4th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1575 (1987). Ordinarily, we reverse a discovery ruling only if we perceive an abuse of discretion.
 
 
 11
 This case, however, presents some unique features which lead us to conclude that we should not affirm Judge Young's rulings. First, Judge Young's letter ruling does not make apparent in what respect he thought that Marine Transport exceeded the bounds of Judge Ramsey's order, particularly since Judge Young was not familiar with Judge Ramsey's oral opinion and the transcript of his colloguy with counsel. The lack of specificity in Judge Young's letter ruling makes appellate review next to impossible. Second, we cannot say, even with all of the relevant materials before us, including the transcript of the hearing before Judge Ramsey and his oral opinion, that it is obvious that Marine Transport improperly sought to enlarge the scope of its subpoenas duces tecum. In any event, if the subpoenas were broadened to include new material, the issue should have been whether the material sought was discoverable under Fed.R.Civ.P. 26, unless the court previously had ruled that the new material was not discoverable. Third, we are at a loss to see how if Marine Transport did improperly seek to broaden its subpoenas so egregiously as to warrant sanctions, deponents also egregiously sought to defeat Judge Ramsey's order so as to justify imposition of sanctions on their lawyer when the only thing they did was to resist production of the newly demanded documents.
 
 
 12
 Where, in a case like this, the parties are in dispute about the meaning and application of an oral opinion rendered by a district judge who is available to rule on that dispute and to determine if either party is abusing judicial process or purposefully causing delay, we think that the better practice is for the judge who made the original ruling to resolve that dispute. Not only would this conserve judicial resources, but the judge is in the best position to know the scope and purport of his ruling and how he intended it to apply in further proceedings.
 
 
 13
 For these reasons we vacate the judgment of the district court denying enforcement of the subpoenas duces tecum and imposing sanctions on counsel and remand the motion to enforce the subpoenas for consideration anew. We direct that, on remand, the motion to enforce the subpoenas be assigned to Judge Ramsey.
 
 
 14
 VACATED AND REMANDED.
 
 
 
 *
 Chief Judge Winter also participated in the hearing of this appeal but later a disqualification developed. Thereupon Chief Judge Winter promptly recused himself and participated no further in the decision of this appeal
 
 
 *
 The docket entries in the record indicate that the proceedings before Judge Ramsey and his oral opinion had not been transcribed and were not available to Judge Young when he made his letter ruling